# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAVONTAE DANIELS,

                Plaintiff,

      v.                                        Case No. 18-cv-775

JOHN DOE AND JANE DOE,

                Defendant.

## ORDER

      Shavontae Daniels is a state prisoner representing himself. He has filed several lawsuits under 42 U.S.C. § 1983, including this one, which he filed on May 21, 2018. (ECF No. 1.) Five days earlier, Daniels had filed a separate lawsuit, also under 42 U.S.C. § 1983. (Case No. 18-CV-751.) After he paid his initial partial filing fee in this case, he filed a motion to file an amended complaint. (ECF No. 12.) His motion referenced neither the case number for this case nor Case No. 18-CV-751. Rather, it stated that it was in reference to Case No. 18-CV-755—which is not a case in which Daniels is a party. In the documents Daniels submitted along with his proposed amended complaint, Daniels identified 18-CV-751 as another lawsuit he had filed. Thus, personnel in the

office of the Clerk of Court presumed Daniels intended to file the proposed amended complaint in 18-CV-775 and docketed it accordingly.

In both the original complaint and the proposed amended complaint in this case Daniels alleges that unknown defendants stole his medication (namely his Wellbutrin) on April 5, 2018 and April 12, 2018. These allegations are nearly identical to the allegations Daniels made in Case No. 18-cv-751. The proposed amended complaint is in fact nearly identical to the complaint in that suit.

A plaintiff may not pursue multiple lawsuits regarding the same events. Therefore, the court will dismiss this case as duplicative of 18-cv-751. The court has inherent authority to administer its docket, and it is "wise judicial administration" to dismiss a duplicative lawsuit. *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976)). Further, the court has jurisdiction under 28 U.S.C. § 636(c) to involuntarily dismiss the case based on Daniels's consent and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

The first four pages of Daniels's proposed amended complaint in 18-CV-775 appear to be identical photocopies of the complaint in 18-CV-751, with the exception that two names are added to the caption in the proposed amended complaint. The

2

complaints differ as to the relief requested, with Daniels seeking additional compensation in the proposed amended complaint.

Based on the court's review of the proposed amended complaint, it appears the most efficient means to proceed is to dismiss this action. The court will grant Daniels's motion to file his amended complaint, but it will instruct the Clerk to file that amended complaint in 18-CV-751. This procedure will allow Daniels to proceed with all his claims regarding the alleged theft of his medications in a single action. The court will also waive Daniels's obligation to pay the remainder of the filing fee with respect to 18-CV-775; Daniels will remain responsible for the full filing fee as to 18-CV-751.

The court will delay formally dismissing 18-CV-775 for 14 days. If Daniels believes it is necessary to maintain two separate actions regarding the alleged theft of his medication, within **14 days** of the date of this order he must file a letter with the court explaining why he believes it is necessary to pursue two separate lawsuits regarding the alleged theft of his medication. In the absence of such an explanation, the court will proceed as set forth in this order and review his amended complaint to determine whether it is sufficient to proceed.

In sum, absent further action by Daniels, in 14 days the court will dismiss this action, that is, 18-CV-775, because it is duplicative of 18-CV-751. The proposed amended complaint filed in this action will be filed in 18-CV-751. That case, 18-CV-751, will be Daniels's only pending case regarding the alleged theft of his medication in

April 2018. All further proceedings regarding the alleged April theft of his medication will be in that case and that case alone.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 26th day of October, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge