# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHAVONTAE DANIELS,

      **Plaintiff,**

   v.          **Case No. 18-CV-775**

JOHN DOE, *ET AL.*,

      **Defendants.**

## ORDER

Plaintiff Shavontae Daniels is representing himself in this 42 U.S.C. § 1983 lawsuit about his medication going missing and being stolen. Daniels filed a document he titled a "brief" in response to the defendants' answer to his complaint. In it he asks the court to enter default judgment against the defendants because they did not properly answer his complaint. The defendants responded, and Daniels filed a reply. Daniels then filed a series of motions regarding discovery. The defendants responded to his two most recent motions. Daniels also filed a motion to appoint counsel.

   1. *Motion for Default*

Daniels asks the court to enter default against the defendants because they answered his complaint with a general denial. According to the answer, the defendants entered a general denial because they did not have a signed release from Daniels to access his medical records. (ECF No. 20 at ¶6.) Daniels believes this

entitles him to a default judgment entered against the defendants. However, defendants may enter a general denial if they intend in good faith to deny all the allegations of a pleading or generally deny all allegations except those they specifically admit. Fed. R. Civ. P. 8(b)(3). The defendants' general denial was not improper.

Daniels also argues that there is no way for the defendants to dispute the allegations in his complaint. To the extent he is arguing that default judgment should be entered based on the merits of his case, a motion for default judgment is not the appropriate mechanism to make that argument. Depending on whether there is a genuine dispute as to any material fact, the argument Daniels raises can be determined through a motion for summary judgment or at trial.

Daniels's motion for default judgment will be denied.

2. *Motions for Discovery*

In his first motion about discovery Daniels requests that the court conduct a conference because the defendants "refuse to be civil." (ECF No. 30.) He objects to their responses to his discovery requests, which responses deny that his medication was stolen. Daniels also complains that the defendants refused to supply copies of documents he requested. Daniels does not specify what information is set forth those documents. He asserts that he cannot pay for copies because the prison takes almost 80 percent of his money from him, in violation of an injunction issued in state court that differentiates between inmates sentenced before or those sentenced after a particular Act was passed.

The court cannot grant Daniels any of his requested relief. First, what happened to Daniels's medication is the subject of this lawsuit. It is a question to be determined at summary judgment or at trial. Second, Daniels does not say what documents he needs (or what information they contain). Without more information, the court cannot determine what relief, if any, might be appropriate. Furthermore, Daniels's allegations that the prison is violating an injunction issued in state court is beyond the scope of this case. Any relief on that issue must come from the state court that issued the injunction.

In Daniels's second motion regarding discovery he complains that the defendants "continue to misrepresent [his] 1983 complaint by stating [his] medication was unavailable." (ECF NO. 31 at 1.) Daniels contests the defendants' choice to label his medication as unavailable (rather than stolen), and he asks the court to issue an order to correct the record. However, as explained above, what happened to Daniels's medication is the subject of this lawsuit and will be resolved either on summary judgment or at trial. The court denies Daniels's request to issue an order that would, in effect, determine at this time what happened to his medication.

In his third motion about discovery Daniels asks the court to conduct a conference. (ECF No. 32.) He asserts that the defendants did not answer his discovery requests and that their objections were improper because their basis for objecting— not having his medical records—was untrue. In response the defendants state that they did answer to his discovery requests, objecting to only four of his requests because they did not have Daniels's medical records because he never provided a

medical authorization form. Nonetheless, they provided substantive responses to three of the four requests anyway. (ECF No. 33 at 1.) Daniels did not file a reply brief.

Based on the information the court has, it sees no reason to schedule a conference. Daniels may object to the content of the discovery responses, but there is no reason to believe the defendants are not responding in good faith. If he wants the defendants to produce his medical records, he must provide them with a medical authorization form.

In Daniels's most recent motion he again takes issue with how the defendants have responded to discovery requests about his medication. (ECF No. 35.) He argues that he can establish that the defendants "lied" when they denied his request to admit that 31 more pills went missing on April 12, 2018. However, the documents on which Daniels relies do not support his contention that a prison employee confirmed that pills went missing on April 12, 2018. (ECF No. 35-1 at 1-2.) He has not shown that the defendants made a misrepresentation when responding to his request to admit. As a result, he has not shown he is entitled to any relief and the court will not compel the defendants to provide new answers to his discovery requests.

Daniels also asks the court to hold both "Crystal Marchant and Warden Foster responsible for the missing [medication]." (ECF No. 35 at 2.) In his reply brief in support of this most recent motion Daniels clarifies that he is not asking the court to find that Foster and Marchant violated his rights. (ECF No. 38 at 2.) He explains that, because Foster and Marchant are unable to identify who is responsible for his missing medication, he is asking the court to remove any Jane/John Doe defendants

who had access to his medications and hold Foster and Marchant responsible for those officers' actions. What Daniels is asking for, then, is for the court to find that Foster and Marchant are liable as supervisors for their supervisees' actions. That is a determination not properly made in a motion about discovery. Questions of fact and liability are properly decided in a motion for summary judgment or at trial. Therefore, the court will deny Daniels's motion.

### 3. Motion to Appoint Counsel

Daniels filed a motion asking the court to appoint an attorney to represent him. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, the court examines "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

The court is satisfied that Daniels tried to find an attorney on his own. Daniels states that he is set to be released from prison on July 27, 2019. He raises two concerns: first, he believes that the Prisoner Litigation Reform Act (PLRA) only

allows him to represent himself if he is incarcerated. But that is not true; Daniels may continue to represent himself after he is released from prison.

Second, he states he will only have a 30-day supply of his medication and will decompensate without it. The court is sympathetic to Daniels's concerns about not being sure he will have a way to get his medication after he finishes the 30-day supply from the prison. At this point, though, the court does not have a basis for finding that Daniels cannot represent himself. So far, he has been able to articulate what happened to him and why he believes he is entitled to relief. He is handling numerous cases in this District. And while being released will bring some challenges (namely access to his medication), Daniels will also be able to prosecute his claims without the limitations and constraints he faced while incarcerated. For example, there is a law library at Marquette University Law School and at the courthouse for the Eastern District of Wisconsin. In addition, there are free internet sources, such as FindLaw, Google Scholar, and Justia.com. The court is also sending a brochure about the Federal Legal Assistance Program, where he can get two hours of free advice from a volunteer lawyer. The court also urges Daniels to use community resources, as well as his probation or supervisory officer, to find ways to make sure he can stay on his medication. The court denies his motion without prejudice.

4. *Conclusion*

**IT IS THEREFORE ORDERED** that Daniels's motion for default judgment (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Daniels's motions regarding discovery (ECF Nos. 30, 31, 32, and 35) are **DENIED**.

**IT IS ALSO ORDERED** that Daniels's motion to appoint counsel (ECF No. 37) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 18th day of July, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge